## WARING vs. M'INTOSH.

Where there is a conflict of statements as to the true amount of a judgment which is alleged to be fradulent as against a junior execution creditor, the Court will not decide such matters upon motion, but will order a reference to a referee, to examine into, ascertain, and report the facts and amount due.

*Motion to set aside or vacate fi. fa. issued in this cause as fraudulent and void against Charles Hallock, or that the writ of fieri facias of the said Charles Hallock, be entitled to priority, &c.*—Facts on the part of said Hallock: an alias fi. fa. was issued on the judgment in the above cause on or about the 3rd of September, 1844, and levied on personal property of defendant; the judgment record appears to be entered on a cognovit actionem signed by the defendant in person; judgment docketed 5th May, 1837, for $2,892 damages and $16·81 costs. The fi. fa. is directed to levy $2,908·81 and interest from May 5th, 1837, after making some deductions of about $628 and interest. On the 28th January, 1837, said Hallock and one Bates, then his partner, recovered a judgment in this court against defendant for $406·12 damages and costs, issued an alias fi. fa. on the 6th September, 1844, directed to levy $401·12, with interest from September 27, 1840. Plaintiff is an attorney and counsellor of this court, and acted as such for defendant at the time the judgment of said plaintiff was taken, and defendant was then in a great pecuniary embarrassment, and alleges that said judgment was confessed without any bona fide indebtedness, or if any, not more then one or two hundred dollars, and that the full amount of such indebtedness has been paid, previous to the issuing of said plaintiff's fi. fa. Hallock alleges the full amount of his judgment to be due and owing, and will be deprived of all means of collecting the same, if the proceeds of defendant's property is applied on said plaintiff's execution. The defendant states that he owed said plaintiff and his partner a due bill of $55·96, and some further amount for professional services performed in several suits in which defendant

22] was involved, and in the course of the business plaintiff received at different times various small and large amounts of money; he is not otherwise indebted to said plaintiff. Since the rendition of the judgment has said plaintff's goods, together with money collected by plaintiff for defendant, which amounts to $553·46, and believes plaintiff's indebtedness fully paid. Plaintiff has refused to give said Hallock's attorney his account, but has told defendant he supposed there could not be due him (plaintiff) over $300, and gave defendant a memorandum in figures, which made the amount $430·44, but did not look over his books fully, and could not say how much more was due. Plaintiff admitted to defendant's attorney that there was not as much due on the judgment as was directed to be levied, but utterly refused to give defendant's attorney any account of the amount in fact due on said judgment. It is also alleged by said Hallock that the *teste* and *return* of the plaintiff's fi. fa. is erroneous. Plaintiff and his assignees' facts; first the assignees: the judgment in this cause was in March, 1838, assigned by plaintiff to one Ann Hackstaff, an aged lady of some fortune, (for whom plaintiff was counsel and agent in investing her money,) for a full and valuable consideration paid by her. Said Ann Hackstaff died July, 1841. Letters testamentary were shortly after granted upon her estate to her son and plaintiff, an inventory of her estate was taken and sworn to by said executors, in which the said judgment of plaintiff appears in the list of property of said testatrix in July 1842. The attorney for the assignees had frequently tried to procure a return of the first fi. fa. on the judgment, in order to issue an alias thereon but was unable to do so until about the month of August last when an alias fi. fa. was issued by him, and being informed that some deductions were to be made, deferred filling up the writ until he could ascertain from plaintiff the amount of such deductions, and when in conversation with said plaintiff, at the time of filling up the writ, he through haste and inadvertence, incorrectly stated the places of teste and return thereof. He first became aware of the error on service of the papers for this motion and too late to prepare a cross motion to amend. He was not the attorney in procuring the judgment or in issuing the original execution. Plaintiff had promised to draw affidavits for himself and others to establish the correctness of said judgment, and that it had been recovered on good and full cause of action, and was still due with the deductions on said writ specified; he is informed and believes plaintiff has now no interest in the said judgment except as executor. Plaintiff's facts: plaintiff states that this judgment was for money lent and advanced by plaintiff to defendant and for professional services, and that defendant at the time of docketing said judgment

was actually indebted to him the amount of said judgment, and was [23 so entered up for such indebtedness, and for such as might be due from the defendant to plaintiff, and also for such indebtedness as might accrue in favor of plaintiff and his partners; and finds from an examination of his accounts against said defendant, that said defendant, at the time said judgment was entered, was actually indebted to him in the amount named in said judgment. At or about the time of giving said judgment, he gave up to defendant his note for $500, which had been paid by plaintiff. Plaintiff issued an execution immediately after the entry of said judgment, which was returned nulla bona. All the moneys he has received on account of said defendants have been duly credited to him; and that giving defendant all his credits, he is actually indebted to him the amount named in the execution. Plaintiff let defendant examine the books of the firm, and defendant took the memorandum therefrom mentioned in defendant's affidavit; the amount was only one that plaintiff's late firm had against defendant previous to the judgment. Plaintiff, for a valuable consideration, assigned said judgment as before stated, in the year 1838. The annexed account of plaintiff against defendant, shows the amount actually due from said defendant. The account added up, makes $39978·68.

Smith Barker, *Atty for Hallock.*

J. C. Delaplaine, *Atty for Plff's Assignees.*

*Decision.*—Ordered that it be referred to a referee to examine into the matters involved in said motion, and to report to this court forthwith the amount actually due upon the judgment in this cause. Costs of motion to abide the decision of the motion, upon the coming in of the report of the referee : in the mean time, proceedings on the executions in both causes to be stayed.